**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

|  |  |
|---|---|
| Yuliya Hirnyk and Igor Lukasevych, | Civil Action No.: 4:16-cv-40010 |
| Plaintiffs, | |
| v. | |
| National Grid USA Service Company, Inc.; and DOES 1-10, inclusive, | **COMPLAINT** |
| Defendants. | |

For this Complaint, the Plaintiffs, Yuliya Hirnyk and Igor Lukasevych, by undersigned counsel, state as follows:

## JURISDICTION

1.      This action arises out of Defendants' repeated violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et. seq.* (the "TCPA").

2.      Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), in that the Defendants transact business in this District and a substantial portion of the acts giving rise to this action occurred in this District.

## PARTIES

3.      The Plaintiff, Yuliya Hirnyk ("Hirnyk"), is an adult individual residing in Worcester, Massachusetts, and is a "person" as defined by 47 U.S.C.A. § 153(39).

4.      The Plaintiff, Igor Lukasevych ("Lukasevych," and together with Hirnyk, the "Plaintiffs"), is an adult individual residing in Worcester, Massachusetts, and is a "person" as defined by 47 U.S.C.A. § 153(39).

5.      Defendant National Grid USA Service Company, Inc. ("National"), is a Massachusetts business entity with an address of 40 Sylvan Road, Waltham, Massachusetts 02451, and is a "person" as defined by 47 U.S.C.A. § 153(39).

6.      Does 1-10 (the "Agents") are individual collectors employed by National and whose identities are currently unknown to the Plaintiff.  One or more of the Agents may be joined as parties once their identities are disclosed through discovery.

7.      National at all times acted by and through one or more of the Agents.

<u>**FACTS**</u>

8.      In July 2015, National started placing telephone calls to Plaintiffs' cellular telephones from telephone number 855-377-7627.

9.      At all times mentioned herein, National called Hirnyk's cellular telephone number 508-xxx-8301.

10.      At all times mentioned herein, National called Lukasevych's cellular telephone number 508-xxx-4331.

11.      At all times mentioned herein, National placed calls to Plaintiffs' cellular telephones using an automatic telephone dialing system ("ATDS" or "predictive dialer") and/or by using an artificial or prerecorded voice.

12.      When Plaintiffs answered the calls from National, they heard a pre-recorded and/or artificial voice message asking Plaintiffs to conserve their energy use.

13.      When Plaintiffs did not answer National's calls, National left voicemail messages asking Plaintiffs to conserve their energy use.

14.      Frustrated with the amount of calls they were receiving, Plaintiffs each mailed National a written request that the calls to their cellular telephones stop.

15.     National received Hirnyk's written request for the calls to stop on July 21, 2015, and Lukasevych's written request for the calls to stop on August 21, 2015.

16.     Despite lacking permission to place further calls to Plaintiffs, National continued to harass Plaintiffs with automated calls to their cellular telephones.

### COUNT I
### VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT –
### 47 U.S.C. § 227, et seq.

17.     The Plaintiffs incorporate by reference all of the above paragraphs of this Complaint as though fully stated herein.

18.     At all times mentioned herein and within the last year, Defendants called Plaintiffs on their cellular telephones using an automatic telephone dialing system ("ATDS" or "Predictive Dialer") and by using a prerecorded or artificial voice.

19.     Defendants' Predictive Dialers have the capacity to store or produce telephone numbers to be called, using a random or sequential number generator.

20.     Plaintiffs revoked any and all consent to receive automated calls by each sending a written demand that the calls to their cellular telephones cease.

21.     The calls from Defendants to Plaintiffs were not placed for "emergency purposes" as defined by 47 U.S.C. § 227(b)(1)(A)(i).

22.     Each of the aforementioned calls made by Defendants constitutes a violation of the TCPA.

23.     Plaintiffs are entitled to an award of $500.00 in statutory damages for each call placed in violation of the TCPA pursuant to 47 U.S.C. § 227(b)(3)(B).

24.     Plaintiffs are entitled to an award of treble damages in an amount up to $1,500.00 for each and every knowing and/or willful violation of the TCPA pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

## PRAYER FOR RELIEF

**WHEREFORE**, the Plaintiffs pray that judgment be entered against Defendants:

1. Statutory damages pursuant to 47 U.S.C. § 227(b)(3)(B) & (C);

2. Punitive damages; and

3. Such other and further relief as may be just and proper.

### TRIAL BY JURY DEMANDED ON ALL COUNTS

Dated: February 2, 2016

Respectfully submitted,

By   /s/ Sergei Lemberg

Sergei Lemberg (BBO# 650671)
LEMBERG LAW L.L.C.
43 Danbury Road
Wilton, CT 06897
Telephone: (203) 653-2250
Facsimile:  (203) 653-3424
Attorneys for Plaintiff